J. Andrew McCarthy, Jr. (*Pro hac vice*)
E-mail: andrew@sealshield.com
Gregory P. Hengber (*Pro hac vice*)
E-mail: greg@sealshield.com
915 West Second Avenue, Windermere, Florida 34786
Telephone: (407) 453-0353

Hal K. Litchford (*Pro hac vice*)
Email: hlitchford@bakerdonelson.com
Brian D. Hancock (*Pro hac vice*)
Email: bhancock@bakerdonelson.com
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
200 South Orange Ave., Suite 2900, Orlando, Florida 32802
Telephone: (407) 367-5400

Eugene R. Long, Jr. (SBN 240663)
Long Law Firm
9974 Scripps Ranch Blvd, Suite 394, San Diego, CA 92131
Telephone: (858) 444-7842
E-mail: long@longlawsandiego.com

*Attorneys for Plaintiff* Seal Shield, LLC

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SEAL SHIELD, LLC ) <br> ) <br> Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> OTTER PRODUCTS, LLC and ) <br> TREEFROG DEVELOPMENTS, INC., ) <br> ) <br> Defendants. ) | Case No.: 3:13-cv-02736-CAB-NLS <br><br> **PLAINTIFF'S MOTION TO AMEND THE FIRST AMENDED COMPLAINT TO ADD AN ADDITIONAL PARTY** <br><br> Honorable Cathy Ann Bencivengo <br> Date & Time: 2/21/14 at 3:00 pm (ET) <br> Courtroom: 4C |

Plaintiff, SEAL SHIELD, LLC ("**Seal Shield**" or "**Plaintiff**"), by and through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 15(a)(2) and 20(a)(2), hereby moves this honorable Court for leave to file a Second Amended Complaint to add OTTERBOX HOLDINGS, INC. ("**OtterBox Holdings**") as a defendant, and as grounds therefor Plaintiff states as follows:

1.  On June 21, 2013, Plaintiff filed the Complaint for trademark infringement in the Middle District of Florida (for all purposes herein, this action will hereinafter be referred to as the "**Florida Action**" or this "**Action**").[1] (ECF No. 1.)

2.  Defendants subsequently filed two separate patent infringement lawsuits in the District of Colorado (which action will hereinafter be referred to as the "**Colorado Action**")[2] and the Southern District of California (which action will hereinafter be referred to as the "**California Action**")[3], with the Florida Action being the first-filed lawsuit.

3.  The second-filed Colorado Action was filed on July 1, 2013, and the third-filed California Action on July 5, 2013.

---

[1] On November 14, 2013, the Florida Action, with case style of <u>Seal Shield, LLC v. Otter Products, LLC</u>, No. 6:13-cv-00967 (M.D. Fla. June 21, 2013), was transferred to the United States District Court for the Southern District of California.

[2] <u>Otter Products, LLC v. Seal Shield, LLC and KlearKase, LLC</u> (District of Colorado, Case No. 1:13-cv-1734-MSK).

[3] <u>Treefrog Developments, Inc. dba LifeProof</u> v. KlearKase, LLC and Seal Shield, LLC (Southern District of California, Case No. 6:13-cv-1575-WQH).

---

Plaintiff's Motion to Amend                                  Case No. 3:13-cv-02736-CAB-NLS
The First Amended Complaint
To Add an Additional Party

-1-

4. Subsequent to the institution of the Colorado and California Actions, and prior to the filing of an answer to the Complaint in this Action, on August 14, 2013, Plaintiff filed its First Amended Complaint. (ECF No. 35.) Plaintiff's First Amended Complaint, akin to the first-filed Complaint, seeks, *inter alia*, damages against Defendants for infringement of Plaintiff's LIFE PROOF, LIFEPROOF and LIFE-PROOF marks (the "**LifeProof Marks**").

5. Since the filing of the First Amended Complaint several events have transpired, in both this Action and in the second-filed California Action, which have led Plaintiff to believe that there is an additional entity, not currently joined as a party, who may have a financial interest in the outcome of this litigation, and, correspondingly, who may be also liable for the infringement of Plaintiff's LifeProof Marks.

6. That Plaintiff may have an additional right of relief against another party not currently joined in this litigation was first made known to Plaintiff on September 3, 2013, when Defendants responded to the First Amended Complaint by filing a joint Answer (the "**Answer**"). (ECF No. 41.)

7. In the Answer, Defendants wholly deny Plaintiff's allegation that "in May of 2013, Otter [Products] purchased Treefrog . . . ."[4] (See Defs.' Answer ¶ 6;

---

[4] Notably, although Defendants allege that Otter Products did not acquire Treefrog in May 2013, Defendants do not allege that the maintenance of this action against *both* Defendants is improper.

---

Plaintiff's Motion to Amend
The First Amended Complaint
To Add an Additional Party

Case No. 3:13-cv-02736-CAB-NLS

-2-

see also Pl.'s First Am. Compl. ¶ 6.)

8. In an attempt to ascertain the true owner of Treefrog, on September 11, 2013, Plaintiff propounded its First Set of Requests for Production (the "**Requests**") to Otter Products and Treefrog, seeking, *inter alia*:

> 1. All Documents sufficient to identify the corporate organizational structure of Otter, Treefrog, and OtterBox Holdings, Inc."
>
> 2. All Documents sufficient to identify the officers, directors, and shareholders of Otter and Treefrog.
>
> 3. All Documents sufficient to identify all persons or entities that have an ownership interest in either Otter or Treefrog, including any and all capitalization tables and lists of interest holders.
>
> 4. All Documents sufficient to identify all entities in which either Otter or Treefrog has an ownership interest, including any and all capitalization tables and lists of interests held.
>
> 5. All Documents related to the Acquisition.
>
> 6. Any letters of intent between Otter and Treefrog created or sent between January 1, 2013, and May 30, 2013.
>
> 7. Any letters of intent between OtterBox Holdings, Inc. and Treefrog created or sent between January 1, 2013, and May 30, 2013.
>
> 8. The final agreement containing the terms of the Acquisition, including all attachments, exhibits, and any Documents incorporated therein by reference.

9. The Requests were specifically designed to ascertain whether another entity of Otter Products or Treefrog maintains a financial interest in the outcome of this litigation.

10. On October 15, 2013, Otter Products and Treefrog responded to the

Requests by objection, contending the Requests are irrelevant, vague, ambiguous, overbroad, and seek confidential or proprietary information of Treefrog or Otter Products.

11. Defendants did not produce documents responsive to the Requests.

12. In fact, to date, Defendants have utterly failed, and continue to willfully fail, to comply with Plaintiff's Requests.

13. In light of Defendants obstructive tactics, Plaintiff is preparing to file a Motion to Compel the Discovery of these documents with the Court.

14. Despite Defendants' deliberate attempts to conceal documentation evidencing their organizational structure, Plaintiff has gathered more than sufficient information as to set forth a firm basis for its belief that OtterBox Holdings is an owner of Treefrog and, therefore, also has a financial interest in the outcome of this litigation.

15. Plaintiff's belief that OtterBox Holdings has a stake in the outcome of this litigation was, once again, reaffirmed on October 14, 2013, when Treefrog submitted a sworn Declaration of Kevin M. Sullivan in the California Action (the "**Declaration**").

16. In the Declaration, Treefrog affirms that another entity, who is not currently named as a party to this Action, possess an ownership interest in Treefrog. (See Decl. Sullivan ¶ 3, Oct. 11, 2013, ECF No. 33-1; a true and correct

---

copy of said declaration is attached hereto as **Exhibit "A",** and is incorporated herein by reference.)

17. Specifically, paragraph three of the Declaration filed by Treefrog provides, "LifeProof is a wholly-owned subsidiary of *OtterBox Holdings, Inc.*, having been acquired by Otterbox Holdings, Inc. in May 2013." (Id. emphasis added.)

18. Plaintiff has also recently acquired additional documentation confirming that OtterBox Holdings was at least one of the entities that purchased Treefrog in May 2013 and is also an interested party to this Action, to wit: a security agreement.

19. Plaintiff has recently discovered a Term Loan IP Security Agreement (the "**IP Security Agreement**") entered by and between Treefrog, Otter Products, OtterBox Holdings, and Wells Fargo Bank, National Association ("**Wells Fargo**") as of May 17, 2013. (A true and correct copy of the Security Agreement is attached hereto as **Exhibit "B"**, and is incorporated herein by reference. A true and correct copy of the Security Agreement can also found on the United States Patent and Trademark Office ("**USPTO**") website.)

20. As evidenced by the IP Security Agreement, *both* Otter Products and OtterBox Holdings (collectively referred to as the "**Borrowers**" in the Security Agreement), entered into a certain Term Loan Credit Agreement ("**Loan Credit**

**Agreement**"), dated May 17, 2013, with Wells Fargo (the "Lender") for the extension of credit. As a term and condition to the extension of credit to Borrowers under the Loan Agreement, Otter Products and OtterBox Holdings (Borrowers) also entered into a Term Loan Pledge and Security Agreement ("**Pledge and Security Agreement**"), dated May 17, 2013, wherein Otter Products and OtterBox Holdings assigned Wells Fargo (Lender) a security interest in and to certain Intellectual Property Collateral of *both* Otter Products and Treefrog as collateral security for the payment and performances due under the Loan Credit Agreement.

21.  Importantly, included among the Intellectual Property Collateral that was pledged as security under the IP Security Agreement and the Pledge and Security Agreement was the federal registration numbers of the LifeProof Marks, the same trademarks in dispute in this instant Action. (See Ex. C at Schedule C-13-Schedule C-16.)

22.  Based upon the IP Security Agreement, Plaintiff believes that Otter Products and OtterBox Holdings possess a financial interest in Treefrog.

23.  Based upon Treefrog's Declaration filled in the California Action, as well as the IP Security Agreement, Plaintiff believes Otter Products and OtterBox Holdings were involved in the acquisition of Treefrog, and they currently have, or at one time held, a financial interest in the business and intellectual property assets of Treefrog.

---

24. Furthermore, Plaintiff based on the foregoing, Plaintiff believes Otter Products and OtterBox Holdings also maintain a strong financial interest in the outcome of this litigation.

25. Plaintiff therefore seeks leave of the Court to file a Second Amended Complaint to add OtterBox Holdings as a party to this Action.

26. The joinder of a OtterBox Holdings as a defendant is permissible under Federal Rule of Civil Procedure 20(a)(2), which provides, in relevant part:

> (2) *Defendants.* Persons—as well as a vessel, cargo, or other property subject to admiralty process in rem—may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all defendants will arise in the action.

27. Furthermore, pursuant to Federal Rule of Civil Procedure 15(a), leave to amend should "be freely given when justice so requires."

28. In this case, the joinder of OtterBox Holdings is necessary to further the interests of justice because OtterBox Holdings, by virtue of its acquisition of Treefrog, is an indispensable party to this Action and is effectually liable, jointly or severally, for Defendants' misappropriation and use of Plaintiff's LifeProof Marks in connection with the advertisement, promotion, and sale of products in the United States.

29. Furthermore, the joinder of OtterBox Holdings as a defendant to this

---

Action is also appropriate because Plaintiff has been injured by its actions, and Plaintiff seeks to assert its right to relief arising from such conduct.

30. Moreover, the factual and legal issues relating to OtterBox Holdings's conduct will be common to the actions of both Defendants.

31. Finally, because the only amendment that Plaintiff seeks to impose is the addition of OtterBox Holdings as a defendant, as well as the addition of one exhibit, the granting of this Motion will not unduly delay this proceeding, and will not unduly prejudice any party to this Action.

32. Accordingly, joinder is appropriate under Federal Rule of Civil Procedure 15(a) and 20(a)(2).

33. Counsel for Plaintiffs conferred with counsel for Defendants to seek its consent before filing this motion. Steven Hollman, on behalf of Defendants, stated, "OtterBox Holdings, Inc. has no rights in and to the intellectual property owned by TreeFrog Developments, Inc. Its interests are adequately protected by its wholly owned subsidiary. That being the case, there simply is no basis for joining OtterBox to the lawsuit, and we intend to oppose your effort to do so."

**WHEREFORE**, for the foregoing reasons, Plaintiff respectfully requests leave of this honorable Court to file the proposed Second Amended Complaint attached hereto as **Exhibit "C"** to add OtterBox Holdings as a party to this Action.

___

Dated:  January 15, 2014        Respectfully submitted,

                                                           *s/ J. Andrew McCarthy, Jr.*
**J. Andrew McCarthy, Jr.**
(*Pro hac vice*)
E-mail: andrew@sealshield.com
**Gregory P. Hengber**
(*Pro hac vice*)
E-mail: greg@sealshield.com
915 West Second Avenue
Windermere, Florida 34786
Telephone: (407) 453-0353

**Hal K. Litchford**
(*Pro hac vice*)
Emails: hlitchford@bakerdonelson.com
rgustafson@bakerdonelson.com
fedcts@bakerdonelson.com
**Brian D. Hancock**
(*Pro hac vice*)
Email: bhancock@bakerdonelson.com
Baker, Donelson, Bearman, Caldwell &
Berkowitz, P.C.
200 South Orange Ave., Suite 2900
Orlando, Florida 32802
Telephone: (407) 367-5400

**Eugene R. Long, Jr.**
(SBN 240663)
Long Law Firm
9974 Scripps Ranch Blvd, Suite 394
San Diego, CA 92131
Telephone: (858) 444-7842
E-mail: long@longlawsandiego.com

*Attorneys for Plaintiff* Seal Shield, LLC

---

Plaintiff's Motion to Amend                                                 Case No. 3:13-cv-02736-CAB-NLS
The First Amended Complaint
To Add an Additional Party

-9-

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 15, 2014, I electronically filed a true and correct copy of the foregoing using the Court's CM/ECF system, which will send a Notice of Electronic Filing to the following counsel of record, who are all deemed to have consented to electronic service per CivLR 5.4(d):

**Stephanie L. Carman**
Hogan Lovells US LLP
Brickell World Plaza
600 Brickell Ave., Suite 2700
Miami, FL 33131

**Jennifer M. Lantz**
Hogan Lovells US LLP
525 University Avenue, 4th Floor
Palo Alto, CA 94301

**Andrew D. Skale**
Mintz Levin Cohn Ferris Glovsky & Popeo PC
3580 Carmel Mountain Road
Suite 300
San Diego, CA 92130

**Steven P. Hollman &**
**Susan M. Cook**
Hogan Lovells US LLP
Columbia Square
555 13th Street, NW
Washington, DC 20004

**James A. Gale,**
**Christopher P. Demetriades,** &
**Susan Joy Latham**
Feldman Gale, P.A.
One Biscayne Tower, 30th Floor
2 South Biscayne Boulevard
Miami, Florida 33131

**Garret A. Leach**
Kirkland & Ellis, LLP
300 North LaSalle Street
Chicago, IL 60654


                              s/ *J. Andrew McCarthy, Jr.*
                              J. Andrew McCarthy, Jr.

---

Plaintiff's Motion to Amend                                  Case No. 3:13-cv-02736-CAB-NLS
The First Amended Complaint
To Add an Additional Party

-10-